# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERICK JAVIER SANTOS BEY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CCB-19-3647 |
| QUEEN ANNE COUNTY DISTRICT COURT, MARYLAND STATE TREASURER'S OFFICE, MARYLAND TRANSPORTATION AUTHORITY, and OFFICER J INSLEY #1811, | * * * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff Eric Javier Santos Bey filed the above-captioned Complaint on December 26, 2019, together with a Motion for Leave to Proceed in Forma Pauperis. ECF Nos. 1, 2. Because the plaintiff appears indigent, the Motion will be granted. For the reasons stated below, however, the Complaint will be dismissed.

The plaintiff filed this Complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). When considering whether a claim is frivolous, § 1915(e)(2) grants courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A complaint is frivolous where "it lacks an arguable basis either in law or in fact." *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (quoting *Neitzke*, 490 U.S. at 325).

The court now reviews the Complaint (ECF No. 1) and the Attachment to the Complaint (ECF No. 1, Attachment #1). In sum, the plaintiff alleges that he is an Aboriginal Indigenous Moorish-American, not subject to the laws of city, county and state government. The plaintiff cites to the Treaty of Peace and Friendship 1787 and 1836 as the basis for the court's jurisdiction. He alleges that defendant police officer Insley pulled him over while traveling eastbound on Route 50 and charged him with a traffic infraction. He states that defendant Insley does not have authority to act as an officer, and that the Maryland Transportation Authority does not have delegated authority to issue traffic citations. The attachment contains 85 numbered paragraphs in a section labeled "Conclusion" and appears to be the plaintiff's attempt to provide legal support for his position. The paragraphs consist primarily of disjointed quotations with citations to legal cases, statutes, and research materials on the rights of indigenous people, the use of public highways, and state court jurisdiction. The plaintiff requests relief from this court including enforcement of his rights under Moorish doctrine; expungement of citations, summons and tickets in the traffic matter; and an award of monetary damages against defendants.

Contrary to the plaintiff's assertions, his status as a Moorish American does not immunize him from the requirements to comply with State law. Such assertions have been consistently rejected. *See Bey v. Genano*, No. PWG-16-2800, 2017 WL 1315530, at *2 n.7 (D. Md. April 10, 2017), citing *Fullard v. Maryland*, No. PWG-14-3405, 2015 WL 1517393, at *1 n.1 (D. Md. Mar. 31, 2015) ("The legal assertions raised in the complaint and declaration involving Fullard's Moorish-American descent amount to nonsensical gibberish . . . The court is not aware of any instance where the United States has recognized the so-called 'Moorish/Muurish Nation' as a sovereign.")

The plaintiff is familiar with this court's analysis, as he has attempted, on multiple occasions, to litigate claims asserting his status as a Moorish American. *See Santos Bey v. State of Maryland*, No. GJH-18-2679 (D. Md. Oct. 10, 2018) (dismissal for failure to state a claim); *Santos Bey v. Hightower*, No. GJH-18-3472 (D. Md. Nov. 16, 2018) (dismissal of claim invoking this Court's jurisdiction under "Zodiac Constitution"); *Santos Bey v. Hightower*, No. GJH-18-3613 (D. Md. Dec. 6, 2018) (dismissal, duplicative of No. GJH-18-3472); *Santos Bey v. Hightower*, No. GJH-18-3039 (D. Md. Dec. 27, 2018) (dismissal of claim that State of Maryland has no jurisdiction over the plaintiff in criminal traffic proceeding); *Santos Bey v. Social Security Administration*, No. GJH-18-3993 (D. Md. Jan. 9, 2019) (dismissal of claim that assigning a social security number and requiring payment of social security taxes is unlawful based on Moorish American status), aff'd as modified on other grounds, 771 F. App'x 233 (4th Cir. June 14, 2019).

The plaintiff is warned that continued attempts to litigate frivolous claims such as the one asserted in this complaint and the prior ones noted may result in an Order from this Court restricting his access so that judicial resources are not squandered. "[T]he All Writs Act ... grants federal courts the authority [to impose pre-filing injunctions] to limit access to the courts by vexatious and repetitive litigants." *Cromer v. Kraft Foods No. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004); *see* 28 U.S.C. S 1651(a). When determining whether to employ a pre-filing review system, a court should consider the following factors: (1) "the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits;" (2) if the party files his cases on good faith bases, or only to harass; (3) "the extent of the burden on the courts and other parties resulting from the party's filings;" and (4) if alternative sanctions are adequate. *Cromer*, 390 F.3d at 818. The injunction must be "narrowly tailored to fit the specific circumstances at issue." *Id.*; *see also Thomas v. Fulton*, 260 F. App'x 594, 596 (4th Cir. 2008).

The plaintiff's continued assertion of legal claims based on fictitious theories of law are evidence of an absence of good faith where, as here, he has been repeatedly informed that those theories are frivolous.

Accordingly, the Motion to Proceed in Forma Pauperis will be granted and the Complaint will be dismissed. A separate order follows.

Dated this 4th day of March, 2020.

_____
Catherine C. Blake
United States District Judge